Kiranben N. PATEL, Petitioner,

v.

Michael B. MUKASEY, Attorney General of the United States, Respondent.

No. 07–3826–ag.

United States Court of Appeals, Second Circuit.

Oct. 24, 2008.

H. Raymond Fasano, Madeo & Fasano, New York, N.Y., for Petitioner.

John W. Blakeley, (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, M.

Lee Quinn on the brief) Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Kiranben Patel, a native and citizen of India, seeks review of an August 8, 2007 order of the BIA denying her motion to reopen. In her appeal, Patel argues that the BIA should have reopened her case to allow her to adjust her status because she was approved for a labor certification visa that was immediately available. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues raised on appeal.

The Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Patel's motion as untimely. As Patel concedes, she filed her motion to reopen after the ninety-day limitations period had elapsed. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA properly found that her labor certification did not establish that she qualified for any of the excep-

tions to the ninety-day bar.[1] *See* 8 C.F.R. § 1003.2(c)(3). To the extent that Patel challenges the BIA's refusal to reopen the proceedings *sua sponte, see* 8 C.F.R. § 1003.2(a), that argument is beyond our review because the BIA's decision whether to exercise its authority to *sua sponte* reopen a case is entirely discretionary. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (per curiam).

We have reviewed all of Petitioner's arguments and find them without merit. The petition for review is, therefore, DENIED, and the motion for stay of removal DISMISSED as moot.

---

1. We note in passing that the ninety-day limitations period can be subject to equitable tolling if a petitioner can establish ineffective assistance of counsel and due diligence. *Iavorski v. INS,* 232 F.3d 124, 135 (2d Cir.2000) (explaining that "an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll"). In our recent decision in *Rajah v. Mukasey,* 544 F.3d 449, 455–56 (2d Cir.2008), we suggested that the Department of Homeland Security should establish standards as to when a case should be continued based on a pending labor visa application. We take no position as to whether Petitioner's counsel sufficiently requested that this case be continued based on the pending labor visa application and whether, if counsel did not and assuming that all the *Lozada* requirements were met, *see Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), the ninety-day limitations period should be tolled.